**MORGAN & MORGAN**

Alexander C. Hyder, Esquire #320939        *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 11625733

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NER JERSEY

| | |
|---|---|
| **MELISSA ARMSTRONG**<br>      **Plaintiff**<br>  v.<br>**UNITED STATES POSTAL SERVICE**<br>      **Defendant.** | **Case No.:**<br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S COMPLAINT – CIVIL ACTION

### MOTOR VEHICLE ACCIDENT

Plaintiff, Melissa Armstrong, by and through his undersigned counsel and the law firm Morgan & Morgan Philadelphia PLLC, assert a cause of action for negligence against the above captioned Defendant, and in support thereof avers as follows:

### THE PARTIES

1. Plaintiff, Melissa Armstrong (hereinafter "Plaintiff") is an adult individual who resides at 201 West Cuthbert Boulevard, Oaklyn, NJ 08107.

2. Defendant, United States Postal Service (hereinafter "Defendant USPS"), is an officer or employee or agency of the United States acting in its/their official capacity at all times herein, with a headquarters at 475 L'Enfant Plaza SW, Washington, D.C. 20590.

### JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in the present judicial district.

4. Plaintiff is a citizen of the State of New Jersey.

5. Defendant USPS is an officer or employee or agency of the United States acting in its/their official capacity at all times herein.

6. This Court has personal jurisdiction over the Defendants because the Defendants had sufficient contacts with the forum state, chiefly by way of presence, as well as the fact that the Defendants' activities that gave rise to the cause of action occurred within New Jersey.

7. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(3) because Defendant is subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

8. At all times relevant hereto, Vincent Nguyen was the operator of United States Postal Service vehicle number 8206584 (hereinafter the "subject post office vehicle").

9. At all times relevant hereto, Vincent Nguyen was acting within the course and scope of his employment with the Defendant USPS, in the furtherance of the business interests and objectives of the Defendant USPS, and with the actual and/or implied authority of the Defendant USPS.

10. At all times relevant hereto, Plaintiff was the operator of a 2002 Mercedes-Benz 240, bearing NJ license plate number J36LXD.

11. At approximately 5:28 p.m. on April 26, 2021, Plaintiff was travelling northbound on Broadway in Westville, New Jersey, and was passing the intersection with Locust Avenue.

12. At the same time and place, Vincent Nguyen, while in the course and scope of his employment with Defendant USPS, was attempting to merge back into northbound traffic on Broadway and failed to yield to traffic with the right-of-way, violently striking Plaintiff's vehicle and thereby causing Plaintiff's personal injuries as more fully hereinafter described.

13. As a direct and proximate result of the Defendant's negligence as described herein, Plaintiff suffered serious and permanent injuries and damages.

14. This crash was in no way caused or contributed to by the Plaintiff and was solely caused by the Defendant in the manner set forth herein.

15. The conduct of Defendant rises to the level of outrageous conduct in that the Defendant willfully and recklessly ignored the known safety hazards associated with driving a commercial vehicle in an unsafe manner, which caused Plaintiff's serious and permanent injuries.

16. As a direct and proximate result of the joint careless, reckless, negligent, grossly negligent, and other liability-producing operations of the subject postal office vehicle of the Defendant herein, Plaintiff, Melissa Armstrong, was caused to sustain serious and permanent injuries whereby body part(s) or organ(s) or both have not healed to function normally and will not heal to function normally with further medical treatment, which injuries requires medical treatment, caused pain and suffering, disability and impairment and the loss of enjoyment of life and incapacitated plaintiff from pursuing normal employment and other usual activities and will in the future require additional medical treatment and result in continuing pain and suffering, disability and impairment and loss of enjoyment of life.

17. As a direct and proximate result of the aforementioned injuries sustained due to the negligence of the Defendant herein, Plaintiff was required to undergo significant medical treatment, which, as of the date of this filing, is continuing into the future.

18. As a further result of her injuries, Plaintiff has suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future.

19. As a further result of her injuries, Plaintiff has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services and which are not covered by, or which are in excess of any applicable medical benefits.

20. As a further result of the accident aforementioned, Plaintiff has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

21. The aforementioned conduct of the Defendant foreseeably caused a high degree of risk of serious physical injury to other motorists, including Plaintiff, and which caused Plaintiff's severe personal injuries as set forth herein.

22. Plaintiff's injuries and damages were caused solely by the acts of the Defendant jointly and/or severally and/or through their joint and individual agents, servants, workmen, and/or employees as hereinbefore and hereinafter set forth.

23. Plaintiff's injuries and damages were not caused by any act or omission on the part of Plaintiff or any other individuals and/or entity.

24. Plaintiff is eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.

## COUNT I
## MELISSA ARMSTRONG vs. UNITED STATES POSTAL SERVICE

25. The Plaintiff herein incorporates by reference the preceding paragraphs as if same were set forth at length herein.

26. At all times relevant hereto, Defendant USPS employed, supervised, and trained the operator of the subject post office vehicle, Vincent Nguyen.

27. The negligence and carelessness of Defendant USPS, as being liable for the actions of its driver, Vincent Nguyen, under theories of vicarious liability, *respondeat superior*, and agency, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of the subject post office vehicle so as to avoid crashing into Plaintiff;

    b. Failing to maintain a safe and assured clear distance;

    c. Failing to yield to traffic with the right-of-way;

    d. Merging into traffic without the proper clearance or right-of-way;

    e. Failing to pay proper attention while operating the subject post office vehicle;

    f. Failing to take proper precautions in the operation of the subject post office vehicle so as to avoid the collision that occurred;

    g. Operating the subject bus in a negligent and careless manner without due regard for the rights and safety of the Plaintiff;

    h. Failing to have the subject post office vehicle under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    i. Failing to remain alert;

    j. Failing to make necessary and reasonable observations while operating the subject post office vehicle;

    k. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking another vehicle;

    l.   Failing to timely and properly apply his brakes;

    m.   Violating both the written and unwritten policies, rules, guidelines and regulations of the United States Postal Service;

    n.   Acting with a conscious disregard for the rights and safety of the Plaintiff;

    o.   Failing to properly formulate, adopt, implement, and enforce adequate rules and policies to ensure the safe condition and operation of all vehicles, including the subject bus.

28.    For the reasons set forth above, the operation of Defendant USPS's postal office vehicle represented a foreseeable and unreasonable risk of danger to other vehicles on the roadway, including the vehicle occupied by Plaintiff.

29.    As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff sustained serious and permanent injuries and damages, as previously described.

30.    The Defendant is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant Septa, in an amount in excess of the jurisdictional threshold, plus all costs and other relief this court deems necessary.

                                    **MORGAN & MORGAN**

                                  BY: _____
                                       Alexander C. Hyder, Esquire
                                       *Trial Counsel for Plaintiff*

DATE: 01/18/2022

**MORGAN & MORGAN**
Alexander C. Hyder, Esquire #320939                                          *Attorneys for Plaintiff*
2005 Market Street, Suite 350
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 11625733

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NER JERSEY

| | |
|---|---|
| **MELISSA ARMSTRONG**<br>　　　　　　　**Plaintiff**<br>　　　v.<br>**UNITED STATES POSTAL SERVICE**<br>　　　　　　　**Defendant.** | **Case No.:**<br><br>**CIVIL ACTION – LAW**<br>**JURY TRIAL DEMANDED** |

**NOTICE OF PRESERVATION OF EVIDENCE**

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

　　　　　　　　　　　　　　　　　　　　　**MORGAN & MORGAN**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　ALEXANDER C. HYDER, ESQUIRE
Date: 01/18/2022　　　　　　　　　　　　　*Trial Counsel for Plaintiff*

**CERTIFICATION**

      Pursuant to Rule 4:5-1, I hereby certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

**MORGAN & MORGAN**

BY: _____
Alexander C. Hyder, Esquire
*Trial Counsel for Plaintiff*

DATE: 01/18/2022